INGRAHAM, P. J., CLARKE, SCOTT and DOWLING, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Application for the Appointment of a Committee for the Custody of the Person and Care of the Property of EDWARD BRENEN, an Incompetent Person.

AUSTIN FLINT and Others, Appellants; WILLIAM J. WALSH, Respondent.

First Department, February 4, 1910.

Costs — disbursements by committee of incompetent — resettlement of order.

Where on an application of the attorney of the committee of an incompetent for an allowance of costs and disbursements, the court reduces the gross sum claimed without specifying what items are disallowed or in what proportion they are reduced, parties asserting a right to be paid out of the sum allowed are entitled to have the order resettled so as to state the amounts to be paid by the attorney to each of them.

Appeal by the petitioners, Austin Flint and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of November, 1909, denying the appellants' motion to compel an attorney to pay a certain sum to each of them for their services herein.

*Robert E. McLear,* for the appellants.

McLaughlin, J.:

In a proceeding had for that purpose a committee was appointed of the person and property of an incompetent. Certain expenses were incurred therein by the petitioner and his attorney amounting in the aggregate to the sum of $742.10, and which included $250 for services rendered by Dr. Flint; $75 for services rendered by Dr. Wildman; $75 for services rendered by Dr. Hamilton, and $100 for services rendered by one Boleman, a real estate broker. After the committee had been appointed, the attorney in the proceeding — the respondent herein — made an application to the Supreme Court in pursuance of section 2336 of the Code of Civil Procedure for an allowance of $3,600, "costs, counsel fees and necessary disbursements" incurred. The application resulted in an order by which the committee was directed to pay to the attorney "the sum of $1,200 for his costs, counsel fees and necessary disbursements in this proceeding." The committee paid the amount directed to the attorney, who then refused to pay to the appellants the amount of their respective claims. They thereupon applied to the court for an order to compel him to do so. Their application was denied and they appeal.

The total amount claimed for services and disbursements was, as stated, $3,600, only one-third of which was allowed. The application for the allowance of $3,600 was based upon an affidavit made by the attorney, in which he stated that the disbursements for the services of the appellants had been actually and necessarily made or incurred in the amounts stated by them respectively. We are unable to determine from the order whether the court in making the reduction from $3,600 to $1,200 reduced the claims of the respective appellants. If it did not, then there is no excuse whatever for the attorney not paying them the amount of their claims.

The order should have specified the amount which the attorney was directed to pay to each.

We are of the opinion, therefore, that the order appealed from should be reversed, without costs or disbursements to either party, and that the appellants be permitted to apply to the Special Term for a resettlement of the order of April 11, 1904, so that it shall state the precise amount which the attorney is directed to pay to each of them, and, after such resettlement, that they be permitted to renew the motion which resulted in the order here appealed from.

INGRAHAM, P. J., CLARKE, SCOTT and DOWLING, JJ., concurred.

Order reversed, without costs, with leave to appellants to move as stated in opinion. Settle order on notice.